IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEWISH ASSOCIATION ON AGING/CHARLES MORRIS NURSING & REHABILITATION CENTER, as assignee and/or authorized representative of Lee Read and Eugene Schreiber,** : : : : : : : **Plaintiff,** : : **v.** : : **THEODORE DALLAS, In his official capacity as the Secretary of the Pennsylvania Department of Human Services,** : : : : : : **Defendant.** : | Civ. No. 1:15-CV-1809 Judge Sylvia H. Rambo |

# M E M O R A N D U M

Plaintiff initiated this action by filing a complaint on September 17, 2015. (Doc. 1.) The complaint was not served upon Defendant, however, until March 11, 2016. (Doc. 23.) On July 11, 2016, Plaintiff filed a motion for entry of default judgment (Doc. 24), but was instructed by the court to first file a motion for entry of default (Doc. 25). Plaintiff filed two motions for entry of default, one on August 2, 2016 and the second on August 12, 2016. (Docs. 26 & 27.) On August 12, 2016, Plaintiff also filed a motion for entry of default judgment (Doc. 28), and the court granted Plaintiff's motions and entered default judgment on August 15, 2016 (Doc. 30).

On August 19, 2016, Defendant filed a motion for relief from the default judgment, asserting that the lead attorney at the Pennsylvania Department of Human Services ("DHS") took a leave of absence due to family medical issues shortly after the complaint was served, causing it to be overlooked and not reassigned to a different attorney, and that DHS never received Plaintiff's motions for default as they were mailed to a post office box rather than the DHS office. (*See* Doc. 31.)  A telephonic hearing regarding Defendant's motion was held on August 24, 2016.

I.   **Legal Standard**

"A court may set aside entry of default for good cause," *World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012) (citing Fed. R. Civ. P. 55(c)), and such a determination is "within the sound discretion of the district court." *Johnson v. Roskosci*, Civ. No. 15-cv-1232, 2016 WL 127843, *1 (M.D. Pa. Jan. 12, 2016) (citing *F.C. Intrieri Const. Co. v. Patel*, Civ. No. 12-cv-0361, 2012 WL 2052682, *1 (M.D. Pa. June 7, 2012) (then citing *Dambach v. United States*, 211 F. App'x 105, 109 (3d Cir. 2006)).  In determining whether to set aside an entry of default, the court must consider:

> (1) whether plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result of defendant's culpable conduct.

*Dambach*, 211 F. App'x at 109 (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).  Although motions to vacate entry of default are held to a more lenient standard, the factors to consider are the same as with motions to vacate entry of default judgment.  *See Nat'l Specialty Ins. Co. v. Papa*, Civ. No. 11-cv-2798, 2012 WL 868944, *2 (D.N.J. Mar. 14, 2012) (citing *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982)).  Courts do "not favor entry of defaults or default judgments," *Hill v. Williamsport Police Dept.*, 69 F. App'x 49, 51 (3d Cir. 2003), and "[a]ny doubt should be resolved in favor of setting aside the default and reaching a decision on the merits."  *PTD Enters., LLC v. Hosp. Trade Program, LLC*, 2015 WL 1893152, *2 (M.D. Pa. Apr. 24, 2015) (citing *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983)).

## II.   Discussion

Defendant asserts that an unintentional and unforeseen medical emergency with the lead attorney at DHS caused the defense of this action to "slip through the cracks."  Plaintiff filed both its motion for entry of default and its motion for entry of default judgment on August 12, 2016, and Defendant filed its motion to set them aside on August 19, 2016.  It is through this lens that the court will consider the relevant factors for setting aside the entry of default and default judgment.

### A. Whether Plaintiff Will Suffer Prejudice

A party is prejudiced by the setting aside of a default judgment where "circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable." *Accu-Weather, Inc. v. Reuters, Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991). Here, Plaintiff has not argued that it has suffered any real prejudice, and the court cannot envision that any change in circumstances or loss of evidence occurred in the lone week between the entry of default and Defendant's motion. Thus, this factor weighs in favor of vacating the default.

### B. Whether Defendant Has a Meritorious Defense

A meritorious defense is accomplished where a defendant alleges facts that "if established on trial, would constitute a complete defense to the action." *$55,518.04 in U.S. Currency*, 728 F.2d at 194-95 (citation omitted). "While a defendant need not establish 'beyond a shadow of a doubt' that he or she will prevail at trial," *Paradise v. Com. Fin. Sys., Inc.*, Civ. No. 13-cv-0001, 2014 WL 4717966, *2 (M.D. Pa. Sept. 22, 2014) (quoting *Ewing & Kreiser, P.C. v. Stephens*, Civ. No. 08-cv-5490, 2009 WL 1183347, * (E.D. Pa. May 1, 2009)), a defendant must "show that it has a defense to the action which at least has merit on its face." *Id.* (quoting *Accu-Weather, Inc.*, 779 F. Supp. at 803). Here, Defendant has alleged that Plaintiff's claim that DHS failed to provide timely and adequate

notices of the discontinuation of Medicaid benefits to the beneficiaries will ultimately fail because the notices were in fact sent, and Defendant attached the notices to its motion to set aside default. The court finds that Defendant has established a meritorious defense, and, accordingly, this factor weighs in favor of vacating the default.

### C. Whether Defendant's Conduct Was Culpable

"A defendant's conduct in failing to defend an action is culpable when it acts 'willfully' or in 'bad faith.'" *Davis v. Metro. Life Ins. Co.*, Civ. No. 13-cv-2741, 2015 WL 574616, *8 (M.D. Pa. Feb. 11, 2015) (citing *Chamberlain v. Giampapa*, 210 F.3d 154,164 (3d Cir. 2000)). "Mere negligence does not constitute culpable conduct." *Id.* (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984)). Here, the conduct of counsel for Defendant is most certainly negligent. It is difficult for the court to fathom how a state agency such as DHS, which employs several attorneys and handles numerous litigation matters, could allow an error of this magnitude to occur. The complaint was served on DHS nearly six months ago, and their motion to vacate the default, rather than any form of responsive pleading, was the first document they filed in this case. Nonetheless, counsel did not engage in any bad faith or willful conduct. The delay in responding appears to be a genuine mistake, rather than a litigation tactic or scheme to make evidence

unavailable. Thus, the court finds that this factor also weighs in favor of setting aside the default.

## III. <u>Conclusion</u>

Based on the foregoing, the court finds that Defendant's delay in responding to this litigation has not caused any prejudice to Plaintiff, Defendant has put forward a meritorious defense, and Defendant did not engage in any culpable conduct. These findings, coupled with the court's preference for resolving disputes upon their merits rather than procedural technicalities, compels the court to set aside the entries of default and default judgment, and Defendant's motion will be granted.

An appropriate order will issue.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: August 25, 2016