IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEWISH ASSOCIATION ON AGING/CHARLES MORRIS NURSING & REHABILITATION CENTER**, as assignee and/or authorized representative of Lee Read and Eugene Schreiber,<br><br>**Plaintiff**,<br><br>v.<br><br>**THEODORE DALLAS, In his official capacity as the Secretary of the Pennsylvania Department of Human Services,**<br><br>**Defendant.** | Civ. No. 1:15-CV-1809<br><br>**Judge Sylvia H. Rambo** |

# **M E M O R A N D U M**

Plaintiff initiated this action by filing a complaint on September 17, 2015. (Doc. 1.) The complaint was not served upon Defendant, however, until March 11, 2016. (Doc. 23.) On July 11, 2016, Plaintiff filed a motion for entry of default judgment (Doc. 24), but was instructed by the court to first file a motion for entry of default (Doc. 25). Plaintiff filed two motions for entry of default, one on August 2, 2016 and the second on August 12, 2016. (Docs. 26 & 27.) On August 12, 2016, Plaintiff also filed a motion for entry of default judgment (Doc. 28), and the court granted Plaintiff's motions and entered default judgment on August 15, 2016 (Doc. 30).

On August 19, 2016, Defendant filed a motion for relief from the default judgment, asserting that the lead attorney at the Pennsylvania Department of Human Services ("DHS") took a leave of absence due to family medical issues shortly after the complaint was served, causing it to be overlooked and not reassigned to a different attorney, and that DHS never received Plaintiff's motions for default as they were mailed to a post office box rather than the DHS office. (*See* Doc. 31.)  A telephonic hearing regarding Defendant's motion was held on August 24, 2016, and the court issued a memorandum and order on August 25, 2016 (Docs. 39 & 40) finding that the relevant factors favored setting aside the entry of default and ordering that it indeed be set aside so that the case could proceed on its merits.  Presently before the court is Plaintiff's motion for reconsideration of the court's decision to set aside default.  (Doc. 41.)

## I.    Legal Standard

Motions for reconsideration under Federal Rule of Civil Procedure 59(e) serve primarily to correct manifest errors of law or fact in a prior decision of the court. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).  Under Rule 59(e), "a judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a

clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Motions for reconsideration may also be appropriate in instances "where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Reaves v. Pa. State Police*, Civ. No. 09-cv-2549, 2014 WL 486741, *3 (M.D. Pa. Feb. 6, 2014) (quoting *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995)).  "'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'" *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting *Abu-Jamal v. Horn*, Civ. No. 99-cv-5089, 2001 WL 1609761, *9 (E.D. Pa. Dec. 18, 2001)).  "Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. No. , 2006 WL 529044, *2 (M.D. Pa. Mar. 3, 2006) (citing *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).  Reconsideration of a judgment is an extraordinary remedy, and courts should grant such motions sparingly. *D'Angio v.*

*Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999) (citing *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)).

## II.  Discussion

In its motion for reconsideration, Plaintiff does not cite to any change in intervening law or new evidence since the court's decision to set aside default, nor does Plaintiff point to any mistake of fact or error of law that the court may have made.  Rather, Plaintiff simply states that the court should reconsider its decision based on Defendant's failure to timely respond to the summons and the fact that Defendant had two opportunities to timely file a responsive pleading in this matter. (*See* Doc. 41, ¶¶ 5 & 7.)

These are the very same arguments that Plaintiff previously made during the telephonic hearing regarding Defendant's motion to set aside default, which the court rejected in its prior memorandum by finding "that Defendant's delay in responding to this litigation has not caused any prejudice to Plaintiff, Defendant has put forward a meritorious defense, and Defendant did not engage in any culpable conduct." *Jewish Assoc. on Aging/Charles Morris Nursing & Rehab. Ctr. v. Dallas*, Civ. No. 15-cv-1809, 2016 WL 4479317, *3 (M.D. Pa. Aug. 25, 2016). As the court held, "[t]hese findings, coupled with the court's preference for resolving disputes upon their merits rather than procedural technicalities, compels the court to set aside the entries of default and default judgment." *Id*.  Plaintiff's

motion is simply an attempt to reargue its previous points, which is not a basis for the court to reconsider its decision.  *See Ogden*, 226 F. Supp. 2d at 606.

## III.  Conclusion

Based on the court's prior reasoning for setting aside the default judgment and Plaintiff's failure to propound any proper basis for the court to reconsider its decision, the motion for reconsideration will be denied.

An appropriate order will issue.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: September 16, 2016